**UNITED STATES of America,
Appellee,**

v.

**Josue Otoniel RUBI–GONZALEZ,
also known as Bam Bam,
Defendant–Appellant.**

**No. 09–4631–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 30, 2010.

Anthony M. La Pinta, Reynolds Caronia Gianelli Hagney La Pinta & Hargraves, LLP, Hauppauge, NY, for Defendant–Appellant.

John J. Durham, Assistant United States Attorney (Emily Berger, Richard P. Donoghue, Assistant United States Attorneys, on the brief), for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present: ROBERT A. KATZMANN, DEBRA ANN LIVINGSTON, Circuit Judges, EDWARD R. KORMAN, District Judge.*

---

* The Honorable Edward R. Korman of the United States District Court for the Eastern District of New York sitting by designation.

## SUMMARY ORDER

Defendant–Appellant Josue Otoniel Rubi–Gonzalez appeals from a judgment entered on September 25, 2009 following a jury trial, convicting him of murder-in-aid of racketeering and conspiracy to commit murder-in-aid of racketeering pursuant to 18 U.S.C. § 1959(a)(1) ("VCAR"). Rubi–Gonzalez was sentenced principally to consecutive sentences of life imprisonment for the murder count and ten years' imprisonment for the conspiracy count. We assume the parties' familiarity with the facts and procedural history of the case.

Rubi–Gonzalez was a member of a violent, international gang known as La Mara Salvatrucha ("MS–13"). His principal argument on appeal is that the district court's jury instructions, which directed the jury that the interstate or foreign commerce element could be satisfied by proof of "any effect" or a "minimal effect" on interstate or foreign commerce, constituted reversible error because the jury should have instead been required to find a "substantial nexus" between MS–13's criminal activities and interstate or foreign commerce.

Because the defendant failed to object to the district court's jury charge, we review only for plain error. *See United States v. Needham,* 604 F.3d 673, 678 (2d Cir.2010); Fed.R.Crim.P. 52(b). There is no error in the jury charge, much less plain error, because it is well established that even a *de minimis* effect on interstate commerce by a racketeering enterprise is sufficient to satisfy the element. *See United States v. Davila,* 461 F.3d 298, 306 (2d Cir.2006) ("For statutes that contain a jurisdictional element ... evidence of even a *de minimis* effect on interstate commerce will satisfy the [interstate commerce] element."); *see also United States v. Feliciano,* 223 F.3d 102, 118 (2d Cir.2000) (noting that "the VCAR has a jurisdictional element").

This Court has, in any event, already considered and rejected virtually identical arguments as those advanced by defendant here in *Feliciano* and *United States v. Mejia,* 545 F.3d 179 (2d Cir.2008). In fact, while discussing the interstate activities of the very same gang organization in question here, MS–13, the Court in *Mejia* reiterated that "any other conduct having even a *de minimis* effect on interstate commerce suffices." *Mejia,* 545 F.3d at 203.

We have considered the defendant's remaining arguments and find them to be without merit. With no grounds upon which to find that the trial court's jury instruction constituted plain error, we **AFFIRM** the judgment of the district court.